UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE SHERARD,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER NICOLE CAMPBELL, as an individual and in her official capacity, OFFICER EDWARD KETCHAM, as an individual and in his official capacity, and DOES 1-50 inclusive,<br><br>        Defendant. | Case No. 11-cv-2854-L(MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT [doc. # 21]** |

    Maxine Sherard brought this action in the Superior Court of California on October 4, 2011. She asserted the following five causes of action: (1) violation of 42 U.S.C. § 1983 through false arrest and false imprisonment; (2) violation of 42 U.S.C. § 1983 through excessive force; (3) battery by a police officer; (4) false arrest and false imprisonment; and (5) violation of California Civil Code §52.1 ("Bane Act") through false arrest, false imprisonment, excessive force, and battery.

    Defendants removed this action to United States District Court for the Southern District of California on December 7, 2011, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b)-(c),

and now move for summary judgment under Federal Rule of Civil Procedure 56. (Doc. #21.) The motion has been fully briefed and is considered without oral argument.

## I.     FACTUAL BACKGROUND

Plaintiff Sherard was a 70-year-old former college professor at the time of the incident at issue. (Sherard Decl., ¶2) She alleges that she allowed Martine Martin, a homeless woman, to stay for one night in a shed in plaintiff's backyard but then Martin refused to leave Sherard's property despite repeated requests. (*Id.,* ¶4.) After Martin had been repeatedly asked to leave the property permanently, plaintiff left Martin a note nailed to the shed door saying she could not return unless she had Sherard's permission. (*Id., ¶*5) When this too failed, plaintiff removed a non-working lock on the shed. But Martin returned again, without Sherard's permission, and Martin placed her own lock on the shed. (*Id.*)

Eventually, on October 5, 2010, Sherard moved some of Martin's belonging to the edge of Sherard's property. (*Id.*) During this time and unbeknownst to plaintiff, police officers, Campbell and Ketcham, arrived at Sherard's property while she was in the shed holding a wicker basket. (*Id.*, ¶8.) Sherard states in her declaration that when she heard one of the police officers stay "put it down," she "felt a hard, quick, forceful punch in the upper chest area of my body which knocked me to the floor." (*Id.*) The officers put Sherard's arms behind her and placed handcuffs on her wrists. (*Id.*) Two additional officers arrived at the scene. A call was placed to the officers' supervisor, an African-American Sergeant, who was unable to assist in the resolution of the incident. (*Id.*)

Plaintiff alleges that she was dragged to her front yard and transferred from one squad car to another, while handcuffed. (*Id.*, ¶9.) During this time, Sherard's eye glass were knocked off. (*Id.*) Sherard was taken to the Southeast substantion and later transferred to Las Colinas Detention Center. (*Id.*, ¶11.) For nearly five hours, plaintiff was kept in handcuffs. (*Id.*) Plaintiff was kept in custody from approximately 3:00 p.m. until 4:00 a.m. the next day when she was released. (*Id.*)

The police Incident Report stated that Sherard threw the wicker basket at the police officers. The City brought charges against her for violation of Penal Code §§ 148(A)(1),

Resisting an Officer, and 605.2, Aggravated Trespass. The charges were dropped. (*Id.*, ¶12.) The officers asserted that plaintiff pushed, bumped, struck, punched, hit, kicked, scratched and attacked them. (Defendants' Exh. A) But plaintiff states in her declaration that the officers' statements are fabricated. (Sherard Decl., ¶13.) She further maintains that she had no telephone conversation between any police officer and herself about the eviction process as asserted by the defendants. (*Id.*) Finally plaintiff asserts that:

> None of these alleged conversations that Officers Campbell and Ketcham claim to have had with me ever occurred. There statements are complete fabrications. I was never a danger to myself or to the police officers. I was a 70-year old senior citizen, a retired college professor, and a long-time community servant/activist. I knew better than to involve myself in an altercation with the police. These accusations they have made against me are completely false.

(*Id.*)

Plaintiff alleges that she suffered significant physical pain and bodily injury, mental trauma, and emotional distress. She also states she had developed fluid around her heart, which was non-symptomatic prior to her alleged injuries that occurred when she was "punched in the chest area and knocked to the ground on October 5, 2010." (Id. ¶ 14.) Ultimately, plaintiff was hospitalized and underwent heart surgery. (*Id.*)

## II.   LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* FED. R. CIV. P. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a

showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

/ / /

/ / /

## III. DISCUSSION

### A. Qualified Immunity under 42 U.S.C. § 1983 for Unlawful Arrest

The doctrine of qualified immunity shields government officials from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware under the circumstances. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity balances the need to hold public officials accountable for irresponsible exercises of power and the need to shield officials from harassment, distraction, and liability for reasonable performance of their duties. *See id.* Qualified immunity analysis is two-step process: courts must determine whether a plaintiff alleges a constitutional violation, and whether the right at issue was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Which of the two steps should be addressed first rests in the sound discretion of the court. *Pearson*, 555 U.S. at 236.

"A claim for unlawful arrest is cognizable under §1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or without other justification." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (2001). "Probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe 'that the suspect has committed, is committing, or is about to commit an offense.'" *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1989)). "The ultimate conclusion of presence or absence of probable cause is a mixed question of law and fact." *United States v. Greene*, 783 F.2d 1364, 1367 (9th Cir. 1986). Qualified immunity as to unlawful arrest can apply in the absence of probable cause, so long as a reasonable officer could have believed it existed under the circumstances. *See Mendocino Envtl. Ctr. v. Mendocino County*, 14 F.3d 457, 462 (9th Cir. 1994). The determination of whether the right was firmly established at the time of an alleged violation is a context-specific task that turns on whether a reasonable police officer could have believed that the conduct in question was lawful under the circumstances. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1443 (9th Cir. 1991). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his

conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

As noted above, summary judgment may only be granted in the absence of a genuine dispute of material fact. *Anderson*, 477 U.S. at 248. The factual circumstances surrounding Ms. Sherard's arrest are in diametric contradiction. Thus, whether summary judgment may be granted depends on whether these disputed facts are genuine and whether these disputed facts are material. *Id.* The determination of qualified immunity turns on whether a reasonable police officer could have believed that Defendants' conduct was lawful under the circumstances. *See Fuller*, 950 F.2d at 1443. If a reasonable jury could draw inferences from the facts presented by Plaintiff Sherard and render a verdict in her favor, summary judgment should not be granted.

Plaintiff declares under penalty of perjury that she "never pushed, bumped, struck, punched, hit, kicked, scratched, or otherwise attacked any of these police officers as is claimed in Officer Campbell's and Officer Ketcham's reports." (Sherard Decl. ¶13.) This statement contradicts those of Officers Campbell and Ketcham who stated: "[d]uring the struggle, Ms. Sherard inflicted an approximately 1 inch cut to the top of Officer Ketcham's left hand." (Campbell Decl. ¶ 10.)); and "Ms. Sherard swung the basket towards us" and "Ms. Sherard scratched at my hand and left a 1 inch scratch on the top of my left hand." (Ketcham Decl. ¶ ¶12, 13.)

Further, Plaintiff asserts that she did not speak to officers over the telephone about the eviction process. (Sherard Decl. ¶ 13.) This statement is in direct opposition to that of Officer Ketcham:

> I spoke with Ms. Sherard and told her she needed to go to the Sheriff's Office to file for a legal eviction. I told her the handwritten notice was not a valid eviction. I also told her that she was not allowed to enter Ms. Martin's residence or remove any property from the residence unless she had permission to enter.
>
> Ms. Sherard became very irate over the telephone and would not listen to my instructions.

(Ketcham Decl. ¶¶ 6-7.) Plaintiff asserts that she did not say that she was going to take Ms. Martin's belongings and throw them out of the residence. (Sherard Decl. ¶13.) This statement completely contradicts that of Officer Ketcham: "Ms. Sherard said she was going to take Ms.

Martin's belongings and throw them out of the residence." (Ketcham Decl. ¶ 7.) Plaintiff asserts that she never swung a laundry basket at any of the police officers. (Sherard Decl. ¶ 13.) This statement is fully inconsistent with those of Officers Campbell and Ketcham: "Ms. Sherard swung the large laundry basket at us" (Campbell Decl. ¶ 9.) and "Ms. Sherard swung the basket towards us." (Ketcham Decl. ¶ 12.)  Plaintiff asserts that she did not resist any of the officers, that she did not fight back or become aggressive. (Sherard Decl. ¶ 13.) Officers Campbell and Ketcham, in sharp contrast, state: "Ms. Sherard began to struggle and try to pull away, causing Officer Ketcham to lose hold of her left arm . . . . she continued to resist and struggle... she continued to resist and kick her legs and yell" (Campbell Decl. ¶ 9.); and "Ms. Sherard resisted and pulled away from my grasp . . . . Ms. Sherard continued to fight back and resist." (Ketcham Decl. ¶¶ 12-13.)

Determining what conflicting evidence is the more credible is a jury function, and a reasonable jury could find for Plaintiff on these issues. *Anderson*, 477 U.S. at 248. Moreover the factual issues have significant bearing on whether a reasonable police officer could have believed that the conduct of the officers in arresting an elderly woman on her own property was lawful under the circumstances. *Id.* Because of the foregoing genuine disputes of material fact relating to whether a reasonable officer could have believed that an arrest was lawful under the circumstances, summary judgment is inappropriate as to Plaintiff's cause of action under 42 U.S.C. § 1983 for unlawful arrest. FED. R. CIV. P. 56(C); *Celotex*, 477 U.S. at 322.

### B.    Qualified Immunity under 42 U.S.C. § 1983 for Excessive Force

Claims against law enforcement officers for use of excessive force must be analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The constitutional inquiry is whether an officer's use of force was objectively reasonable without regard to underlying intent or motivation. *Id.* at 397. To determine whether the force used is reasonable requires a nuanced balancing of the nature and quality of the intrusion on the individual's interests against the countervailing governmental interests at stake. *Id.* at 396. This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the

safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. "[E]ven though reasonableness traditionally is a question of fact for the jury, defendants can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

Plaintiff asserts that she "felt a hard, quick, forceful punch in the upper chest area . . . which knocked her to the floor" and that "[n]o one was in the shed except [her] and these two police officers." (Sherard Decl. ¶ 8.) These two statements give rise to an inference that Defendant officers struck Plaintiff almost immediately, in pointed contrast with the statements of Officers Campbell and Ketcham. Officer Campbell states "[a]t no time did I ever strike, punch, hit, kick, or otherwise batter Plaintiff in any way." (Campbell Decl. ¶ 13.) Similarly, Officer Ketcham asserts that "[a]t no time did I ever strike, punch, hit, kick, or otherwise batter Plaintiff in any way." (Ketcham Decl. ¶ 17.) Thus, Plaintiff's declaration that she was physically struck by an officer while in her shed conflicts with Defendants' statements that neither officer struck Plaintiff at all. Plaintiff asserts that no police officer ever told her that she was going to be placed in handcuffs if she did not put the wicker basket on the ground. (Sherard Decl. ¶ 13.) But Officer Campbell who states: "I told her if she continued to refuse, I would have to place her in handcuffs for her safety and ours." (Campbell Decl. ¶ 9.)

For the purposes of this motion, the court must view all inferences from the facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. As noted above, genuine disputes of fact exist as to whether Plaintiff swung a laundry basket at officers and whether Plaintiff resisted officers during the incident, each of which is relevant to the level of force reasonable under the circumstances. Determining what conflicting evidence is the more credible is a jury function, and a reasonable jury could find for Plaintiff on these issues. Because these issues are relevant to determining whether the officers' use of force was reasonable under the circumstances, granting summary judgment is inappropriate as to Plaintiff's cause of action under 42 U.S.C. § 1983 for excessive force. FED. R. CIV. P. 56(C); *Celotex*, 477 U.S. at 322.

## C. State Law Cause of Action for Battery

A battery is any willful and unlawful use of force or violence upon the person of another. CAL. PENAL CODE § 242. "The elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss, or harm to plaintiff." *Brown v. Ransweller*, 171 Cal. App. 4th 516, 526 (2009). Police officers are not similarly situated to ordinary battery defendants. *Id.* at 527. To recover against a police officer for civil battery, Plaintiff must prove that an officer's use of force was unreasonable. *Id.*; *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1998).

Genuine disputes of fact exist as to whether and when officers punched Plaintiff, whether officers told Plaintiff that she would be placed in handcuffs if she did not put down a laundry basket, whether Plaintiff swung a laundry basket at the officers, and whether Plaintiff resisted arrest. Because each of these disputed issues of fact is relevant to determining whether Defendant officers' use of force was unreasonable, each is material and summary judgment will be denied as to Plaintiff's cause of action for battery. FED. R. CIV. P. 56(C); *Celotex*, 477 U.S. at 322.

## D. State Law Cause of Action for False Arrest or Imprisonment

"False imprisonment is the unlawful violation of the personal liberty of another." CAL. PENAL CODE § 236. "All that is necessary to make out a charge of false imprisonment is that the individual be restrained of his liberty without any sufficient complaint or authority therefor, and it may be accomplished by words or acts which such individual fears to disregard. Temporary detention is sufficient, and the use of actual physical force is not necessary." *Ware v. Dunn*, 80 Cal. App. 2d 936, 943 (1947). False arrest and false imprisonment are not separate torts, as false arrest is merely one way of committing false imprisonment. *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 752 n.3 (1997). There is no civil liability for false arrest or imprisonment in California for an officer who, at the time of arrest, had reasonable cause to believe that the arrest was lawful. CAL. PENAL CODE § 847(b)(1).

As noted above, genuine disputes of fact exist as to whether Plaintiff physically attacked

officers, whether Plaintiff told officers that she was going to remove Ms. Martin's belongings, and whether Plaintiff swung a laundry basket at officers. Each of these disputed issues of fact relates to whether Defendant officers had a reasonable cause for belief that their arrest of Plaintiff was lawful under the circumstances. Accordingly, summary judgment will be denied as to Plaintiff's cause of action for false arrest or imprisonment. FED. R. CIV. P. 56(C); *Celotex*, 477 U.S. at 322.

### E.  Violation of the Bane Act

California Civil Code § 52.1 provides a cause of action for an individual whose constitutional or statutory rights have been interfered with or attempted to be interfered with through threats, intimidation, or coercion. *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 338 (1998). The elements of a cause of action under the Bane Act are: (1) that the defendant interfered with, or attempted to interfere with, the plaintiff's statutory or constitutional rights through violence or threat of violence; (2) that the plaintiff reasonably believed that if she exercised her constitutional right, she would be met with violence against his or her person or property; (3) that the plaintiff was harmed; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff's harm. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (2007).

Defendant argues in its motion that "[t]here is no evidence of the requisite "force, intimidation, or coercion necessary to maintain a Civil Code section 52.1 claim against Defendant Officers." (Def.'s Mot. p.19.) But Plaintiff provided such evidence in the form of a declaration. (Doc. #36-2.)  A genuine dispute of fact exists as to whether Defendant officers used physical force or intimidation against Plaintiff to interfere with her constitutional rights. Thus, this factual dispute precludes summary judgment in defendants' favor on Plaintiff's cause of action for violation of the Bane Act. FED. R. CIV. P. 56(C); *Celotex*, 477 U.S. at 322.

### IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendant's motion for summary judgment or partial summary judgment. (Doc. #21.)

**IT IS FURTHER ORDERED** that the parties are directed to contact the assigned

1 | magistrate judge **within three days of the filing of this Order** to schedule a Mandatory
2 | Settlement Conference in accordance with the Case Management Order filed April 4, 2012.
3 |     **IT IS FURTHER ORDERED** the Proposed Final Pretrial Conference Order required by
4 | Local Rule 16.1 (f) (6) shall be prepared, served, and emailed to the undersigned **on or before**
5 | **October 21, 2013.** The final Pretrial Conference is scheduled for **November 4, 2013 at 11:00**
6 | **a.m.**.
7 |     **IT IS SO ORDERED.**
8 | DATED:  September 16, 2013

                                    M. James Lorenz
                                    United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL